UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

KEVIN GAMMON,                     )
                                  )
            Petitioner,           )
    vs.                           )    No. 1:13-cv-01096-TWP-DKL
                                  )
SUPERINTENDENT, New Castle        )
 Correctional Facility,           )
                                  )
            Respondent.           )

**Entry and Order Dismissing Action**

**I.**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644–45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570–71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Measured against this standard, Gammon's challenge to the disciplinary proceeding identified as No. CIC-12-11-0293 fails. Specifically: (1) the conduct report contains the reporting officer's account of the equipment found inside Gammon's cell and the contraband found on the ground under the window of Gammon's cell; (2) Gammon received a copy of the conduct report

on November 27, 2012; (3) a hearing was conducted on November 29, 2012; (4) Gammon was present at the hearing and made a statement concerning the charge; (5) the evidence requested by Gammon was considered by the hearing officer; (6) the hearing officer's report identifies the evidence considered in making a decision; and (7) the hearing officer's report includes a statement of the reasons for the sanctions which were imposed.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Gammon to the relief he seeks. Accordingly, his petition for a writ of habeas corpus is **denied** and this action is dismissed.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 01/02/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Kevin Gammon
DOC #860259
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Electronically Registered Counsel